UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MATTHEW ROTH AND
ROY SPIZALE

VERSUS

SENTRY INSURANCE, VALLEY
SERVICES, LLC, ELIOR, INC. d/b/a
ELIOR NORTH AMERICA and
JOSEPH MOORER

CIVIL ACTION

NO. 20-1298

SECTION M (3)

**ORDER**

  Before the Court is a motion by defendants Joseph Moorer, Valley Services, LLC, and Sentry Insurance Company (collectively, "Defendants") to strike plaintiffs' expert witness P. Britain Auer, M.D., or in the alternative, motion *in limine* to exclude his testimony and the use of his untimely expert report at trial.[1] Defendants argue that plaintiffs should be prohibited from using Dr. Auer as an expert in this matter due to untimely disclosure.[2] Plaintiffs Matthew Roth and Roy Spizale (collectively, "Plaintiffs") respond in opposition arguing that Dr. Auer was timely disclosed as a rebuttal witness under Rule 26 of the Federal Rules of Civil Procedure.[3] Defendants reply in further support of their motion.[4]

  On June 17, 2020, this Court issued a scheduling order that set January 25, 2021, as Plaintiffs' expert disclosure deadline, and February 23, 2021, as Defendants' expert disclosure deadline.[5] The scheduling order warned that:

> The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the

---

[1] R. Doc. 29.
[2] R. Doc. 29-1.
[3] R. Doc. 32.
[4] R. Doc. 35.
[5] R. Doc. 6 at 2-3.

witness and/or exhibits, without an order to do so issued on motion for good cause shown.[6]

Well in advance of these deadlines, on December 10, 2020, Defendants disclosed their experts to Plaintiffs.[7] After Plaintiffs' expert disclosure deadline passed, on February 9, 2021, this Court, upon a joint motion of the parties, continued the trial and all unexpired pretrial deadlines.[8] Accordingly, the Court entered a new scheduling order that did not extend Plaintiffs' expert disclosure deadline.[9] Defendants' expert deadline was not continued either, remaining February 23, 2021.[10] The parties filed their witness and exhibit lists on February 23, 2021.[11] A month later, on March 25, 2021, Plaintiffs' counsel emailed to defense counsel an updated witness and exhibit list that, for the first time, listed Dr. Auer as a retained rebuttal expert.[12] On that same date, Plaintiffs' counsel forwarded to defense counsel Dr. Auer's curriculum vitae, case list, fee schedule, and report.[13] Plaintiffs argue that they timely disclosed Dr. Auer as a rebuttal expert under Rule 26(a)(2)(D).[14]

With respect to the timing of expert disclosures, Rule 26(a)(2)(D) states that:

> *A party must make these disclosures at the times and in the sequence that the court orders.* Absent a stipulation or a court order, the disclosures must be made:
>
> > (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
> >
> > (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

---

[6] *Id.* at 3.
[7] R. Doc. 29-4.
[8] R. Doc. 18.
[9] R. Doc. 19 at 3.
[10] *Id.*
[11] R. Docs. 22; 23; 24.
[12] R. Doc. 29-5.
[13] R. Doc. 29-6.
[14] R. Doc. 32.

This provision, upon which Plaintiffs rely, is a default rule that is applied only in the absence of a more specific court order. *LeBeouf v. Manning*, 2016 WL 9411380, at *7 (E.D. La. Feb. 2, 2016) (excluding opinion testimony of expert due to untimely disclosure despite plaintiff's contention that testimony was limited to rebuttal). Local Rule 26.1 states that "[t]he court will set the timing of disclosures under FRCP 26(a)." In the scheduling order, this Court ordered Plaintiffs to disclose all their experts no later than January 25, 2021. Therefore, their disclosure of Dr. Auer, on March 25, 2021, is clearly untimely. Defendants disclosed their experts more than a month *before* Plaintiffs' expert deadline. Plaintiffs, then, had ample time to anticipate the need for medical and biomechanical testimony as well as the content of the reports of Defendants' experts and retain rebuttal experts so as to make timely disclosures.[15] Dr. Auer is an entirely new expert, not a timely disclosed expert offering a supplemental rebuttal report as, for example, in *Complete Logistics Servs., LLC v. Ruhl*, 2019 WL 2340933, at *2 (E.D. La. June 3, 2019), cited by Plaintiffs. Plaintiffs have not shown good cause to modify their expert disclosure deadline, and consequently, Dr. Auer will not be permitted to testify.[16]

Accordingly, for the foregoing reasons,

IT IS ORDERED that the motion to strike (R. Doc. 29) is GRANTED.

New Orleans, Louisiana, this 19th day of April, 2021.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[15] *Id.*
[16] *Id.*